# UNITED STATES DISTRICT COURT

### for the

Eastern District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>68 ~~868~~ Frenchie Lane<br>Bunnlevel, NC 28323 | )<br>)<br>)<br>)<br>)<br>) Case No. 5:22-mj-1695-KS |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ North Carolina _____ *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference

**YOU ARE COMMANDED** to execute this warrant on or before _August 9, 2022_ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ any EDNC U.S. Magistrate Judge _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _7/26/2022 @ 2:25 p.m._     _[signature]_
Judge's signature

City and state: _____ Raleigh, North Carolina _____     KIMBERLY A. SWANK, U.S. Magistrate Judge
*Printed name and title*

Case 5:23-mj-01266-JG *SEALED* Document 1 Filed 03/16/23 Page 21 of 57

CJD
REGRADED UNCLASSIFIED Case 6:24-cr-00068-D-RN     Document 34-7     Filed 09/14/24     Page 1 of 10
MFB, 24 MAR 23, SCTY MGR OCA     0922

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

REGRADED UNCLASSIFIED
MFB, 24 MAR 23, SCTY MGR OCA

0923

## ATTACHMENT A

### PREMISES AND PROPERTY TO BE SEARCHED

**The Premises**

The premises to be searched is the residence, outbuildings, and other structures located at 68 Frenchie Lane, Bunnlevel, NC 28323, hereinafter the SUBJECT PREMISES. The SUBJECT PREMISES is more fully described as a one-story single-family dwelling located in Harnett County, NC. The residence is a combination of red brick and brownish-gray siding. The roof has gray shingles and white peaks. The front windows are trimmed in white and have black shutters. The two front windows are to the left of the front door. The front door appears to have a screen door and is also trimmed in white and opens out and to the right with the door handle on the left side of the door. The front door appears to be solid with no window and is dark in color. The number "68" is to the left of the front door. The front porch consists of a brown wooden deck stretching from the front door to the closest of the two windows. The porch has two steps leading to the top of the deck to reach the front door. The residence has an attached two-car garage to the right of the front door. Brown paver stones line around the house to the left from the driveway. The house contains a crawlspace with the access door in the rear of the residence. The rear of the residence has a brown deck. The rear of the residence is all siding and no brick. A storage shed sits in the rear edge of the property.

The property to be searched also includes vehicles owned and/or operated by Parker Allen GIBSON, resident/occupant of the SUBJECT PREMISES. The subject has been driving a 2008 white Ford F-250 displaying North Carolina registration LP

1

Weighted: EJ9038. GIBSON also owns a fifth-wheel camper displaying NC registration CL-66359. As of June 29, 2022, the camper was parked on the right side of the residence in the yard.

A birds-eye view photograph of the SUBJECT PREMISES is below:



*Photo retrieved from Google Maps

2

Photographs of the SUBJECT PREMISES' exterior (front of residence/entrance to residence) are below:





3

0926



Photographs of the SUBJECT PREMISES' exterior (rear of residence) are below:



4





**Electronic Devices**

As described in Attachment B.

5

REGRADED UNCLASSIFIED
MFB, 24 MAR 23, SCTY MGR OCA

0928

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

All information at the place described in Attachment A that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18 U.S.C. § 641 – Theft of Government Property, Title 26 U.S.C. § 5861(d) – Possession of Unregistered Firearm (Destructive Device), and Title 18 U.S.C. § 1924 – Unauthorized removal and retention of classified documents or material, including information pertaining to the following matters:

a. Any and all firearms, ammunition, bills of sale or purchase, manufacturer's boxes or containers, of firearms or ammunition whose possession is illegal due to the specified federal offenses;

b. Communications, discussions, and research regarding how to build or manufacture grenades and other destructive devices, or which may indicate Gibson's intent to do so in such a manner that would be preparatory steps related to or in violation of Title 26 U.S.C. § 5861(d);

c. Communications, discussions, and research regarding how to build, manufacture, repair, or pilot drones, or which may indicate Gibson's intent to do so in such a manner that would be related to his possession of the stolen military drones in violation of Title 18 U.S.C. § 641.

d. Records of payments and payment methods used to purchase items used in manufacturing homemade 3D printed drone parts, or Gibson's intent to do so in such

6

Case 5:23-mj-01266-JG *SEALED*   Document 1   Filed 03/16/23   Page 28 of 57

Case 5:24-cr-00068-D-RN   Document 34-7   Filed 09/14/24   Page 8 of 10   0929
REGRADED UNCLASSIFIED
MFB, 24 MAR 23, SCTY MGR OCA

a manner that would be preparatory steps related to his possession of the stolen military drones in violation of Title 18 U.S.C. § 641.

e. Any electronic devices, such as computers, cellular telephones and gaming machines, capable of accessing the internet, along with all data and communications (as described in ~~paragraphs f, g, and h~~) *this Attachment B* regardless of physical location, that are capable of being accessed by the electronic device;

f. Any storage medium that are potentially capable of containing records or information, whose seizure and search is otherwise authorized by this warrant (i.e. hard drives, flash drives, USB thumb drives);

g. Routers, modems, and network equipment used to connect computers to the Internet;

h. Passwords, encryption keys, and other access devices that may be necessary to access the aforementioned electronic devices and storage medium;

i. Any records related to the ownership of the subject premises or the computers, smartphones, and computer-related media subject to seizure and search;

j. Any physical evidence consistent with making an explosive device, to include precursor materials, explosive components or instructions on how to make explosives;

k. Evidence indicating the subscriber's state of mind as it relates to the crime under investigation;

l. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts;

7

Case 5:23-mj-01266-JG *SEALED*   Document 1   Filed 03/16/23   Page 29 of 57

REGRADED UNCLASSIFIED Case 6:24-cr-00068-D-RN   Document 34-7   Filed 09/14/24   Page 9 of 10
MFB, 24 MAR 23, SCTY MGR OCA
0930

During the execution of the search of the premises described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of Parker Allen Gibson, who is reasonably believed to be a user of the device, to the fingerprint scanner of the device(s) found at the premises; (2) hold the device(s) found at the premises in front of the face of Parker Allen Gibson to activate the facial recognition feature or the device's iris recognition feature, for the purpose of unlocking the device(s) in order to search the contents as authorized by this warrant.

REGRADED UNCLASSIFIED
MFB, 24 MAR 23, SCTY MGR OCA

0931